## NEUSBAUM a. KEIM.

*New York Common Pleas ; General Term,* 1858.

STATEMENT FOR JUDGMENT BY CONFESSION.—CREDITOR'S ACTION.

A statement for judgment by confession—" that the plaintiff at various times in the years 1854 and 1855, sold and delivered to me large quantities of meat, and upon such sale there is now justly due to the plaintiff a balance in the said sum of $2000"—is insufficient. The total amount of the debt, and the amount of the payments, should be stated.

A judgment founded upon an insufficient statement, though it may be good as against the debtor, is not so as against his grantees ; and an action against them to reach property of the debtor, fraudulently conveyed to them, cannot be maintained upon it.

Appeal from a judgment dismissing the complaint.

This was a creditor's action against G. A. Keim, a judgment debtor, and his wife, and one Chamberlain, by which the plaintiff sought to reach real property, which the complaint alleged belonged to Keim, and which, by successive conveyances to Chamberlain, and by Chamberlain to Keim's wife, had been transferred to her, in fraud of the plaintiff. The allegations of the complaint, as to the judgment on which the action was founded, were, " that on the 4th day of May, 1855, the plaintiff obtained a judgment against the defendant G. A. Keim, for the sum of $2120.25, in the Court of Common Pleas of the city and county of New York."

Upon the trial, the plaintiff offered in evidence, in support of this allegation, a statement, and confession of judgment, without action, in the New York Superior Court, with a transcript of the docket thereof, filed in the county clerk's office, and execution issued and returned thereon. The amount and the date of the entry of the judgment were as alleged in the complaint. The statement, in the confession, of the facts, out of which the indebtedness arose, was as follows :

" This confession of judgment is for a debt justly due to the plaintiff arising upon the following facts : the said plaintiff, at various times in the years 1854 and 1855, sold and delivered to me large quantities of meat ; and upon such sale there is now

justly due to the plaintiff, as aforesaid, a balance in the said sum of two thousand one hundred and fourteen dollars, with interest thereon from the eighteenth day of February, 1855."

To this evidence the counsel for the defendants objected, on the ground that the judgment was rendered in the Superior Court, and not in the Court of Common Pleas, as stated in the complaint.

The counsel for the plaintiff then moved to amend the complaint, by striking out the words " Court of Common Pleas for the city and county of New York," and inserting the words " Superior Court of the city of New York," in lieu thereof, where the record of recovery was described, which motion was granted, and the amendment made, to which the counsel for defendants excepted.

The counsel for the plaintiff then offered to read the judgment-roll, transcript, execution, return, and indorsement thereon, and thereupon the counsel for the defendants moved that the complaint be dismissed, because that the judgment was void for uncertainty as not complying with the provisions of the Code in section 383, relating to judgments by confession ; that the statement did not set forth concisely the facts out of which the debt arose, and did not show that the sum confessed therefor was justly due.

The court decided that the judgment was void, and not sufficient to sustain the complaint.

The counsel for the plaintiff then offered to prove by witnesses in court, the consideration and facts of the indebtedness in detail in support of such judgment, the defendants' objection to which offer was sustained by the court, and the complaint was thereupon dismissed. The plaintiff appealed to the general term.

*Francis Byrne,* for the appellant. The statement embodied all the elements for its validity required by the Code. (§ 383 ; Schoolcraft *a.* Thompson, 9 *How. Pr. R.,* 61.) All the cases are decisions upon *motions.* No judgment can be set aside collaterally ; besides, the defendants are not *creditors.*

*Spier & Nash* and *A. W. Van Vechten,* for the respondents.— I. The judgment offered to be read in evidence was void for

uncertainty, in not complying with the provisions of section 383 of the Code. The statement does not set forth concisely the facts out of which the debt arose. (Chappel *a.* Chappel, 2 *Kern.*, 215 ; Boyden *a.* Johnson, 11 *How. Pr. R.*, 503 ; Schoolcraft *a.* Thompson, 7 *Ib.*, 446 ; Stebbins *a.* East Society of the Methodist Episcopal Church, Rochester, 12 *Ib.*, 410 ; Greenwood *a.* Donaldson, 12 *Ib.*, 142 ; Davis *a.* Morris, 21 *Barb.*, 152.) If the judgment be void, then of course the transcript and execution were void also.

II. The offer to prove by witnesses in court the consideration and facts of the alleged indebtedness in support of the judgment, was properly overruled. " It would be giving vitality to an act before it had a valid conception." (Boyden *a.* Johnson, 11 *How. Pr. R.*, 506.)

BY THE COURT.—DALY, J.—A statement by the defendant in a judgment by confession, that the plaintiff, at various times in the years 1854 and 1855, sold and delivered to him large quantities of meat, and that upon such sale there is now justly due to the plaintiff a balance of $2114, with interest, &c., is insufficient. It is the statement of a conclusion, and not of the facts out of which the indebtedness arose, as required by the Code. If there was a balance, that balance was the difference between the whole amount or value of the meat furnished, and the amount by which it was reduced, either by payment, set-off, or otherwise, and that must appear, or there is no statement of facts. They are to be stated concisely, not with the minuteness and detail of a bill of particulars, but the substantial facts must appear which show how the indebtedness arose, not the inferences or conclusions of the party making the statement.

Keim confessed judgment to the plaintiff in the manner stated above, and the plaintiff, as judgment creditor, brings the present action to set aside, on the ground of fraud, a conveyance of real estate, made first by Keim and wife to the defendant Chamberlain, and then by Chamberlain to Keim's wife. As between the plaintiff and Keim himself (who, as it seems, did not appear in the action), the record would have been conclusive. But as against Chamberlain and Keim's wife, who were not parties to the judgment, it was void upon its face.

Judgment affirmed.